BELL *vs.* GILMORE and others.

1. The sheriff's return "served" upon the subpœna, is presumptive proof of the service of the notice required by the 38th rule.

2. A personal decree for deficiency of proceeds to pay the mortgage debt, does not become a lien upon the real property of the person against whom it is taken, until after the sale, and in case a deficiency is found to exist. Hence, a motion to vacate a personal decree for deficiency, when only the interest of the mortgage was due at the date of the decree, but the principal did not become due till two months afterward, was refused, it appearing that the sale did not take place until after the principal became due.

On rule to show cause. Motion to vacate personal decree for deficiency against Charles H. Ingalls.

*Mr. John W. Taylor,* for the motion.

*Mr. A. W. Bell,* contra.

THE CHANCELLOR.

The final decree in this suit, dated October 1st, 1873, contained a personal decree against the mortgagor, for any deficiency which might exist after the application of the proceeds of the sale of the mortgaged premises, to the payment of the money secured by the mortgage. It appears that at the date of the decree, there was due on the mortgage, only the interest—$568.75. The principal would not become due until the 13th day of December, following. The mortgagor moves to set aside the decree for deficiency, on two grounds : First, that no notice was served according to the 38th rule of this court, which provides that in foreclosure suits no decree shall be made for the payment of the deficiency of the proceeds of sale, to satisfy the mortgage debt, by any defendant legally or equitably liable therefor, unless such decree be specifically prayed in the bill, and a ticket or notice, stating that such relief is sought against him, be served on such defendant with the subpœna, or in case of absent defendants, served with the order to appear, or if the order be advertised, mailed with a copy of such order, prepaid and directed to such defendant, at the post office nearest his residence, or at which he usually received his letters, or be served or published in such manner as the Chancellor shall direct ; and second, that at the date of the decree the principal was not due.

As to the first of these objections: The mortgagor, at the commencement of the suit and ever since, has been a resident of this state. He was served with subpœna to answer. Attached to that suit is a notice, in accordance with the rule above referred to. The bill prays for a decree for deficiency against him. He does not say that the notice was not served upon him, but insists that it does not appear that it was served upon him ; that is, he insists that the sheriff's return " served," upon the subpœna, is not the evidence of service of the notice which

should be required under the rule. The rule in question is silent as to the mode of proof of service. The act on which it is based (*Nix. Dig.* 119,) makes no provision for notice. Like the tenth section of the act respecting the Court of Chancery, (*Nix. Dig.* 107,) which provides for the service of a ticket in foreclosure suits, on every defendant other than the mortgagor, his heirs, executors, administrators, or assigns, the rule directs that the ticket be served with the subpœna, if the defendant be found to be served therewith, but it does not, as that section does, direct that it be served by the officer serving the subpœna. Under the section of the chancery act just referred to, the practice has been uniform in regard to the proof of service of the ticket. The sheriff's return "served," has been taken as presumptive proof of the service of the ticket. Such, too, has been the practice for many years under the rule under consideration. I see no good reason for adopting a different practice. But in addition to the fact that the mortgagor does not deny that the notice was served on him, it appears that on the 8th of October, a very few days after the day for appearance named in the writ, he caused his appearance to be entered in the suit.

The second objection is based on the ground, that the decree, when entered, became a lien upon all the real property of the mortgagor. This is an error. Although by the supplement to the act respecting the Court of Chancery, (*Nix. Dig.* 118, § 92,) it is enacted that all decrees and orders of this court, whereby any sum of money shall be ordered to be paid by one person to another, shall have the force, operation, and effect of a judgment at law in the Supreme Court, from the time of the actual entry of such decree, yet this decree was not for any specific sum, but merely for the deficiency, if any, which should, on sale of the premises, be found to exist. It was merely a contingent decree, and could not be a lien until after the sale of the mortgaged premises should have taken place. *De Agreda* v. *Mantel,* 1 *Ab. Pr. R.* 130; *Cobb* v. *Thornton,* 8 *How. Pr. R.* 66; *Chapin* v. *Broder,* 16 *Cal.* 403; *Englund* v. *Lewis,* 25 *Cal.* 337. As was said

in Chapin *v.* Broder: "A mere contingent provision, refer-ring to no particular amount, and in abeyance until the contingency is determined, is not within the meaning of the statute. It may become a valid and perfect judgment, but until the amount to be recovered by it is ascertained and fixed, no effect can be given to it as a lien. In the present case the provisions in question were of this character, and no general lien was acquired by the docketing of the judgment. There was no personal judgment for this amount, nor was there anything in the nature of a personal judgment, beyond the mere direction for the issuance of the execution in the event of the insufficiency of the mortgaged property to pay the debt. The whole matter was contingent, indefinite, and uncertain, and so long as this continued to be the case, no effect whatever could be given to it." It therefore becomes important to inquire when this provision in the decree in this case began to have the force, operation, and effect of a judgment. That was, at the earliest, when the sale took place. The execution for the sale of the mortgaged premises, was issued on the 11th of October, 1873. The notice required by law, would not have admitted of an earlier day of sale than the 11th of December. The principal became due on the 13th of that month. It was not insisted, nor even suggested, on the argument, that the sale had taken place before the principal became due. In point of fact, the sale took place on the 24th of March, 1874, more than three months after the principal became due. I do not see that any injustice has been done to the mortgagor by this decree, nor that it can justly be regarded as an invasion of his legal rights. There appears to be no good reason for vacating it. The rule is therefore discharged, with costs.